FILED ____ LODGED
____ RECEIVED

JUL 15 2021

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NATHEN BARTON,

Plaintiff

v.

J.M.S. Associate Marketing, LLC, Josette M Selbert, Tele Transform, Vivid Hear, and John Doe 1-10

Defendants.

Case No.:

ORIGINAL COMPLAINT FOR A CIVIL CASE AND INJUNCTIVE RELIEF

Jury Trial: ☒ Yes ☐ No

## I.  THE PARTIES TO THIS COMPLAINT

A.  Plaintiff

| | |
|---|---|
| Name | Nathen Barton |
| Street Address | 4618 NW 11th Cir |
| City and County | Camas, Clark County |
| State and Zip Code | Washington 98607 |
| Telephone Number | (718) 710-5784 |

B.  Defendant(s)

Defendant No. 1

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 1 / 12     NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

| | |
|---|---|
| Name | J.M.S. Associate Marketing, LLC |
| Job or Title *(if known)* | |
| Street Address | 551 S. Apollo Boulevard Suite 204 |
| City and County | Melbourne, Brevard County |
| State and Zip Code | FL, 32901 |
| Telephone Number | (855) 530-4327 |

Defendant No. 2

| | |
|---|---|
| Name | Josette M Selbert |
| Job or Title *(if known)* | General Manager and Owner |
| Street Address | 551 S. Apollo Boulevard Suite 204 |
| City and County | Melbourne, Brevard County |
| State and Zip Code | FL, 32901 |
| Telephone Number | (855) 530-4327 |

Defendant No. 3

| | |
|---|---|
| Name | Tele Transform |
| Job or Title *(if known)* | |
| Street Address | 551 S. Apollo Boulevard Suite 204 |
| City and County | Melbourne, Brevard County |
| State and Zip Code | FL, 32901 |
| Telephone Number | (855) 530-4327 |

Defendant No. 4

| | |
|---|---|
| Name | Vivid Hear |
| Job or Title *(if known)* | |
| Street Address | 551 S. Apollo Boulevard Suite 204 |
| City and County | Melbourne, Brevard County |
| State and Zip Code | FL, 32901 |
| Telephone Number | (855) 530-4327 |

## II. BASIS FOR JURISDICTION

Plaintiff Nathen Barton is a natural person and full-time resident of Clark County, Washington. All the acts alleged in this complaint occurred in Clark County, Washington State, during the year 2021.

Jurisdiction in this court is correct because of where Plaintiff resides, and his residence is a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands of the Defendants. Defendants were or should have been aware they were reaching into the Western area of Washington State by dialing a 360 area code number.

Plaintiff is suing in part under federal statute the Telephone Consumer Protection Act of 1991, known as the TCPA, giving rise to a lawsuit that may be brought in Federal Court pursuant to *Mims v. Arrow Fin. Services, LLC*.

## III. STATEMENT OF CLAIM

On July 9, 2020, Plaintiff registered and paid for a Washington State (360) telephone area code cellular number to be primarily used by his minor child. It is a Protected Computer as it is used in a manner that affects interstate or foreign commerce or communication. The phone is on a very limited service plan, with each call, text, or data usage subtracting from a fixed amount of each available each month.

This (360) XXX XXXX number was registered on the FTC *do-not-call* registry more than 31 days before April 19, 2021, and all the phone calls alleged in this complaint were made to this 360-area code number.

J.M.S Associate Marketing, LLC ("JMS") is a Florida company that operates as a call center selling products over the phone. Products such as massage chairs and hearing aids and magazine subscriptions. Unfortunately, JMS seems to sell products under fictitious business names. The massage chairs are marketed under the fictitious name 'Tele Transform' and the

hearing aids are marketing under the fictitious name 'Vivid Hear' ("Vivid") with website *vividhear.com*.

These fictitious business names do not appear to be registered as legal entities in the State of Florida, even though JMS operates out of Melbourne, Florida.

The 'JMS' of J.M.S Associate Marketing, LLC would appear to stand for the general manager, registered agent, and presumed owner of JMS, Josette M Selbert ("Selbert"). She describes her own job position there as including:

> "Recruit, interview, and train sales staff for an outbound Call Center. Manage the daily operations of a telephone sales room."[1]

It appears that Selbert is the person responsible for illegally telemarketing the massage chairs and hearing aids. Plaintiff has direct knowledge of JMS telemarketing practices – he has been the recipient of six JMS telemarketing phone calls.

Vivid's telemarketing calls and *vividhear.com* do not mention who owns or operates this enterprise, and only a trail of breadcrumbs connects JMS and Vivid/Tele Transform. First, both JMS and Vivid list the same physical address:

> 551 S Apollo Blvd Ste 204
> Melbourne, Fl 32901

Second, a LinkedIn profile for a Jennifer Monroe[2] lists a two-month stint working for "JMS Marketing LLC" in Melbourne Florida with the job description:

> "Received Outbound and Inbound calls for Vivid Hear for sale of Hearing Aids; Maintain positive attitude and confidence during escalations; Process individual orders accurately and according to the customers preferences"

---

[1] Josette Selbert's current LinkedIn profile job description
[2] https://www.linkedin.com/in/jennifermonroe-123/

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 4 / 12   NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Third, the job review page on indeed.com for "JMS Marketing"[3] mentions a Melbourne Florida location, and a current employee (as of January 8, 2020) reported selling products to people with hearing issues:

> "They do off spiffs for if you get a sale but they get their leads from surveys that these old people take for money and they auto dial them even if they dont (sic) have hearing issues. On top of that they also keep the customers in the auto dial rotation even if they say do not call me."

Another (former) employee wrote on the same Indeed.com page, dated September 13, 2019:

> "JMS Marketing CSR - Customer Service Representative Review - It is a scam. Trying to rip off old people on hearing aids. This place should be shut down."

### Tele Transform

Tele Transform appears to only exist in the corridors of JMS and in their telemarketing robocalls. Plaintiff has received two telemarketing phone calls where the pre-recorded or artificially generated portion of the call says the entity behind the call is "Tele Transform" but later the live agent on the same call identifies the entity behind the call as "Vivid Hear". It does not appear that Tele Transform has a website or that the name is registered as a *doing-business-as*, or as a legal entity.

JMS employees and company resources are being used to telemarket products under the fictitious company names of Tele Transform and Vivid Hear / *vividhear.com*, under the guidance and direction of Selbert.

Plaintiff does not and never had an established business relationship with any Defendant in this action. The Defendants never had an invitation or consent to telephone solicit Plaintiff.

### Unsolicited Telemarketing Call #1

---

[3] https://www.indeed.com/cmp/Jms-Marketing/reviews

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 5 / 12        NATHEN BARTON
                                                                4618 NW 11TH CIR
                                                                CAMAS WA 98607

1  On or about 1:20PM, April 19, 2021, Plaintiff received a phone call from an automated
2  dialing and announcing device using an artificial or recorded voice, seemingly from 360 245
3  2229. The pre-recorded or artificial portion of the call was a man's voice, he said he was calling
4  from "Tele Transform", and his message was encouraging the purchase of a body massage chair.

**Unsolicited Telemarketing Call #2**

6  On or about May 27, 2021, Plaintiff missed a call seemingly from 360 206 5353, and
7  called that number back shortly after. The voice that answered the phone said "Thank you for
8  calling Tele Transform. This is Leo on a recorded line." Plaintiff believes that the Defendants
9  dialed Plaintiff's cell number on this occasion for the purpose of encouraging the purchase of
10 goods or services.

**Unsolicited Telemarketing Call #3**

12 On or about May 28, 2021, Plaintiff received a phone call from an automated dialing and
13 announcing device using an artificial or recorded voice, seemingly from 360 206 5512. The pre-
14 recorded or artificial portion of the call was a man's voice, he said he was calling from "Tele
15 Transform", and his message was encouraging the purchase of a body massage chair.

16 At one minute and 43 seconds into the call, Plaintiff asked to be put on their *do-not-call*
17 *list*. The voice paused, said "Un-huh, that's ok", and hung up at the two minute mark.

**Unsolicited Telemarketing Call #4**

19 On or about June 1, 2021, Plaintiff received a phone call from an automated dialing and
20 announcing device using an artificial or recorded voice, seemingly from 360 206 5370. The
21 artificial or pre-recorded portion of the call was in a man's voice. The caller started the message
22 with "Hi this is Leo, I'm a hearing administrator calling on a recorded line, how are you doing
23 today?" Plaintiff responded with "uh good, what is a hearing administrator?" After a long
24 pause, the Defendants hung up.

## Unsolicited Telemarketing Call #5

On or about June 4, 2021, Plaintiff received a phone call from an automated dialing and announcing device using an artificial or recorded voice, seemingly from 360 206 5432. The artificial or pre-recorded portion of the call was in a man's voice. The caller started the message with "Hi this is Leo, I'm a hearing administrator calling on a recorded line, how are you doing today?"

Later in the call, the man's voice said "now, I'm with Tele Transform" and then his message went on to encourage the purchase of hearing aids. The message included the detail "the weather here in Florida is pretty nice year round" and then the call transitioned to a lady live agent. She identified herself as a "hearing specialist with Vivid Hear". She directed Plaintiff to the website *vividhear.com* and she encouraged Plaintiff to purchase hearing aids.

## Unsolicited Telemarketing Call #6

On or about June 9, 2021, Plaintiff missed a call seemingly from 360 206 5367, and called that number back shortly after. The voice that answered the phone said "Thank you for calling Tele Transform. This is Ashley on a recorded line." After about a minute and a half, the call was handed off to a live agent who identified herself as a "hearing specialist with Vivid Hear". Plaintiff believes that the Defendants dialed Plaintiff's cell number on this occasion for the purpose of encouraging the purchase of goods or service

## Defendants are Unlicensed Commercial Telephone Solicitors

RCW 19.158.020 says:

(1) A "commercial telephone solicitor" is any person who engages in commercial telephone solicitation

(2) "Commercial telephone solicitation" means:

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 7 / 12     NATHEN BARTON
                                                            4618 NW 11TH CIR
                                                            CAMAS WA 98607

(a) An unsolicited telephone call to a person initiated by a salesperson and conversation for the purpose of inducing the person to purchase or invest in property, goods, or services;

RCW 19.158.050(1) says in part:

"In order to maintain or defend a lawsuit or do any business in this state, a commercial telephone solicitor must be registered with the department of licensing."

Although RCW 19.158.050(3) says "The department of licensing shall issue a registration number to the commercial telephone solicitor.", in practice this Commercial Telephone Solicitor "registration number" appears as an endorsement on the business license issued by The Washington State Department of Revenue.

None of the Selbert, JMS, Vivid, and Tele-Transform names are registered to do any business in Washington State, thus do not have this endorsement on their not-existing Washington State business license, and they acted as unlicensed commercial telephone solicitors.

### Defendants are Annoying the Public

No one in Plaintiff's house needs hearing aids, and this phone is registered on the FTC *do-not-call* list to maintain their privacy and tranquility. As much as Plaintiff's children would undoubtably love a full body massage chair, Plaintiff is not in the market for that either.

These Defendants waste Plaintiff's time with each phone call, and distract the family from their activities.

### IV.    RELIEF

### Federal Law

Plaintiffs phone number at issue was at all relevant times registered on the FTC *do-not-call* list more than 30 days before the alleged solicitations. Plaintiff does not have any relationship with the Defendants by which they could legally phone solicit Plaintiff for any reason.

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 8 / 12      NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Defendants violated the TCPA 47 U.S.C. 227(c)(5) by soliciting Plaintiff six (6) times without his consent on his cell phone with phone number (972) XXX XXXX while he was registered on the FTC *do-not-call* list.

Defendants violated 47 U.S.C. 227(b) four (4) times by calling Plaintiff's cellular telephone number four (4) times without consent, while using an artificial or prerecorded voice.

## Washington State Law

### RCW 19.158

Defendants were not registered as Commercial Telephone Solicitors with the Washington State Department of Licensing when any of the solicitation calls were placed to Plaintiff, in violation of RCW 19.158.050(1).

Defendants violated Washington State RCW 19.158.150 four (4) times by soliciting Plaintiff on his cell phone while they were not registered on with the Washington State Department of Licensing as Commercial Telephone Solicitors, or while working on behalf of an unregistered Commercial Telephone Solicitor.

Washington State RCW 19.158.110(1) says:

> Within the first minute of the telephone call, a commercial telephone solicitor or salesperson shall:
>
> (a) Identify himself or herself, the company on whose behalf the solicitation is being made, the property, goods, or services being sold;

The Defendants did not identify a legitimate company name in the first 60 seconds of the four calls Defendants initiated to Plaintiff, and Plaintiff answered.

Washington State RCW 19.158.110(2) says:

> If at any time during the telephone contact, the purchaser states or indicates that he or she

does not wish to be called again by the commercial telephone solicitor or wants to have his or her name and individual telephone number removed from the telephone lists used by the commercial telephone solicitor:

(a) The commercial telephone solicitor shall not make any additional commercial telephone solicitation of the called party at that telephone number within a period of at least one year;

The Defendants called Plaintiff twice more within a period of one year after Plaintiff asked for Plaintiff's number to be removed from the telephone lists used by Defendants.

### RCW 80.36.390(2)

Washington State RCW 80.36.390(2) says

A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty seconds of the telephone call.

In four (4) solicitation calls the Defendants failed to identify the company behind the solicitation within the first 30 seconds of the phone calls.

### RCW 80.36.390(3)

Washington State RCW 80.36.390(3) says:

If, at any time during the telephone contact, the called party states or indicates that he or she does not wish to be called again by the company or organization or wants to have his or her name and individual telephone number removed from the telephone lists used by the company or organization making the telephone solicitation, then:

(a) The company or organization shall not make any additional telephone solicitation of the called party at that telephone number within a period of at least one year;

On May 28, 2021, Plaintiff asked Defendants to not be called again, and Defendants called Plaintiff two (2) more times after this request.

### RCW 80.36.400

Washington State RCW 80.36.400(2) states:

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 10 / 12      NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

"No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state."

Defendants violated Washington State RCW 80.36.400(2) four (4) times by calling Plaintiff's cellular telephone number four (4) times without consent, while using an automatic dialing and announcing device for commercial solicitation.

RCW 80.36.400 defines "Commercial solicitation means the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services."

### Treble Damages

Plaintiff believes the record shows that Defendants' violations of the law were willful or knowing. Their own employee reported:

> "they get their leads from surveys that these old people take for money and they auto dial them even if they dont (sic) have hearing issues. On top of that they also keep the customers in the auto dial rotation even if they say do not call me."

Plaintiff can attest to half of this – Plaintiff never filled out a survey, but he did ask the Defendants stop calling him, to no avail. Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c)(5), TCPA 47 U.S.C. 227(b)(3), and the presumption that violations of Washington State RCW 19.158 and RCW 80.36.400 triple damages under the Washington State Unfair Business Practices Act RCW 19.86.

### All other Possible Damages

Plaintiff prays for all possible damages, in law and in equity, statutory, real, and punitive, that he might be entitled too. Such damages could be but are not limited to court costs and attorney fees.

### Injunctive Relief

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 11 / 12

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

TCPA 47 U.S.C. 227(b)(3)(A) and 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation"

Washington State RCW 80.36.390(6) says:

> A person aggrieved by repeated violations of this section may bring a civil action in superior court to enjoin future violations, to recover damages, or both.

Plaintiff is not unique – he simply had the misfortune to be targeted by Defendants' mass calling machine. It is reasonable to believe that Defendants have done this many times in the past and will continue harming the residents of this State and other States in the future.

Plaintiff asks this Court to enjoin the Defendants from further violations of State and Federal telemarketing laws.

## V.   CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/12/2021

Signature of Plaintiff

Printed Name of Plaintiff    Nathen Barton

PLAINTIFF'S ORGINAL COMPLAINT FOR A CIVIL CASE - 12 / 12

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607