UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>J.M.S. ASSOCIATE MARKETING, LLC, JOSETTE M. SELBERT, TELE TRANSFORM, VIVID HEAR and JOHN DOE 1-10,<br><br>　　　　　　　Defendants. | CASE NO. 21-5509 RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION ON ORDER GRANTING DEFAULT JUDGMENT |

The matter comes before the Court on the Plaintiff's Motion for Reconsideration on the Order Default Judgment. Dkt. 18. The Court has considered the pleadings filed regarding the motion and the remaining file.

On July 15, 2021, the Plaintiff, acting *pro se*, filed this case asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA") and state law for the Defendants' alleged six solicitations of the Plaintiff, by telephone, without his consent while his phone number was registered on the national Do-Not-Call Registry. Dkt. 1. The Plaintiff seeks damages and treble damages under 47 U.S.C. § 277(b)(3), costs, and injunctive relief that the Court "enjoin the Defendants from further violations of State and Federal telemarketing laws." *Id.*

ORDER ON MOTION FOR RECONSIDERATION ON ORDER  GRANTING DEFAULT JUDGMENT - 1

After they were served and failed to appear in the case or otherwise respond, on August 16, 2021, the Plaintiff moved for an entry of default against Defendants J.M.S. Associate Marketing, LLC ("J.M.S.") and Josette M. Selbert. Dkt. 12. The Clerk of the Court entered default on August 18, 2021 against these parties. Dkt. 14. On September 9, 2021, the Plaintiff's motion for default judgment was granted, in part, and denied, in part. Dkt. 17. Judgment in the amount of $12,000 was entered against J.M.S. and was denied as to Josette M. Selbert. *Id.* The claims asserted against Ms. Selbert were dismissed without prejudice. *Id.* The facts and procedural history are in the September 9, 2021 Order (Dkt. 17) and are adopted here.

The Plaintiff now moves for reconsideration of the September 9, 2021 Order, arguing that he suffered actual damages which were not awarded in the Order, that he is entitled to statutory damages for the two calls (#2 & #6) which were made that he did not answer, and that he is entitled to additional statutory damages. Dkt. 18. The Plaintiff additionally moves the Court for an order amending the judgment to add an award of costs: $402 for the filing fee and $75 for the costs to serve J.M.S. *Id.*

This opinion will first consider the Plaintiff's motion for reconsideration and then his motion to amend the judgment to add an award of costs.

**Motion for Reconsideration**. Pursuant to Local Rule W.D. Wash. ("Local Rule") 7(h), "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

The Plaintiff's Motion for a Reconsideration (Dkt. 18) should be denied. The Plaintiff has failed to point to a "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." While the

ORDER ON MOTION FOR RECONSIDERATION ON ORDER GRANTING DEFAULT JUDGMENT - 2

Plaintiff argues that his phone plan had a limit of 100 minutes or text messages a month, he fails to provide any evidence on the actual cost to him of these very brief phone calls.  That is, the amount he pays per minute by the number of minutes used by these calls.  The amount is likely de minimus.  Further, the Plaintiff fails to point to any authority that he is entitled to the additional statutory damages he claims.  His motion for reconsideration (Dkt. 18) should be denied and the September 9, 2021 Order (Dkt. 17) is affirmed.

**Motion for Costs**.  The September 9, 2021 Order provided, "[t]he Plaintiff makes a claim for costs in his Complaint. He does not include such a claim in his motion [for default judgment]. To the extent he seeks an entry of judgment against J.M.S. for costs, he should comply with Fed. R. Civ. P. 54(d) and Local Rule W.D. Wash. 54."

Pursuant to Fed. R. Civ. P. 54(d), "costs . . . should be allowed to the prevailing party." Local Rule 54(d) provides:

> (1) Motion to Tax Costs/Bill of Costs. The party in whose favor a judgment is rendered, and who seeks to recover costs, shall, within twenty-one days after the entry of judgment, file and serve a motion for costs and necessary disbursements, also known as a bill of costs. The motion for costs shall be noted for consideration pursuant to LCR 7(d)(3). All costs shall be specified, so that the nature of the charge can be readily understood. The movant shall verify, in a declaration sworn under penalty of perjury by the party, an attorney of record, or an agent having knowledge of the facts, that each requested cost is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed. The fees referred to in this section refer to filing fees, witness fees, and other types of fees but not to attorney's fees. The movant may use a Bill of Costs form, available on the court's website, to list the costs and complete the required declaration.
>
> If the party in whose favor judgment is rendered fails to file a motion for costs, all costs, other than statutory costs, shall be deemed to be waived.

The Plaintiff's motion for an award of costs (Dkt. 18) should be denied without prejudice.  He must follow Local Rule 54(d) to secure a cost judgment.

**Other Matters.** On August 26, 2021, the Plaintiff's Motion for a Protective Order was denied. Dkt. 15.  In that order, the Court noted that it is not clear whether the Plaintiff has attempted service on Tele Transform, Vivid Hear, or the John Does.  The Plaintiffs Complaint appears to assert that these are not real companies and are fictious.  Dkt. 1.  If he intends to serve Tele Transform, Vivid Hear, or the John Does, the Plaintiff is reminded that under Fed. R. Civ. P. 4(m) service should generally be made with 90 days of the filing of the Complaint or the claims against those parties may be dismissed.  The Complaint was filed on July 15, 2021.

Defendants other than Tele Transform, Vivid Hear, and the John Does in this case have either been dismissed or judgment has been entered against them.  This case should be closed if all claims have been resolved.  Accordingly, by **October 22, 2021**, the Plaintiff should either file a proof of service on Tele Transform, Vivid Hear, and the John Does or in writing, show cause, if any he has, why the claims asserted against them should not be dismissed without prejudice and this case closed.

**IT IS ORDERED THAT**:

- The Plaintiff's Motion for Reconsideration (Dkt. 18) **IS DENIED**;
- The Plaintiff's Motion to Amend the Judgment to add an award of Costs (Dkt. 18) **IS DENIED WITHOUT PREJUDICE**; and
- By **October 22, 2021**, the Plaintiff **SHALL** either (1) file a proof of service on Tele Transform, Vivid Hear, and the John Does or (2) in writing, show cause, if any he has, why the claims asserted against them should not be dismissed without prejudice and this case closed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of September, 2021

ROBERT J. BRYAN
United States District Judge