UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>J.M.S. ASSOCIATE MARKETING, LLC, JOSETTE M. SELBERT, TELE TRANSFORM, VIVID HEAR and JOHN DOE 1-10,<br><br>　　　　　　　　　　Defendants. | CASE NO. 3:21-cv-05509-RJB<br><br>ORDER AMENDING JUDGMENT |

Following this Court's ruling in this case, the Plaintiff appealed to the Ninth Circuit Court of Appeals. The Court issued its ruling affirming, in part, reversing, in part, and remanding the case. Dkt. 28. The mandate was issued on March 9, 2023. Dkt. 29. Having heard nothing from Plaintiff (there were no other parties) this Court issued an Order for a Status Report (Dkt. 30) to close the matter. Plaintiff responded to the order with his Status Report. Dkt. 31. This matter now comes before the Court to act on the Circuit's opinion with the additional information from Plaintiff's Status Report (Dkt. 31).

ORDER AMENDING JUDGMENT - 1

On July 15, 2021, the Plaintiff, acting *pro se*, filed this case asserting claims under the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et. seq.*, the Washington Automatic Dialing and Announcing Device Act ("WADADA") RCW 80.36.400, the Washington Do Not Call statute ("WDNC") RCW 80.36.390, and the Washington Commercial Telephone Solicitation Act ("WCTSA") RCW19.158 for the Defendants' alleged six telephone solicitations of the Plaintiff without his consent while his phone number was registered on the national and state do-not-call registries. Dkt. 1. Plaintiff made claims regarding four calls that he answered and for two calls that he did not answer. *Id.*

After default was entered against Defendant J.M.S. Associate Marketing, LLC ("J.M.S."), on September 9, 2021, the Plaintiff's motion for default judgment against J.M.S. was granted, in part, and denied, in part. Dkt. 17. (The remaining defendants have been dismissed (Dkts. 17 and 23) and their dismissal was not the subject of the order remanding this case (Dkt. 28)). The facts and procedural history are in the September 9, 2021 order (Dkt. 17) and are adopted here by reference.

As is relevant here, in the September 9, 2021 order, the Plaintiff was awarded $1,500 per call, for a total of $6,000, for the four answered calls under the TCPA. Dkt. 17. He was not granted damages for the two calls that he did not answer under the TCPA. *Id.* He was awarded $1,500 per call, for a total of $6,000 under WADADA. *Id.* The Plaintiff was not awarded damages under the WDNC or the WCTSA. *Id.*

The Plaintiff appealed portions of the September 9, 2021 order. Dkt. 24. The Ninth Circuit Court of Appeals affirmed the September 9, 2021 order, in part, reversed it, in part, and remanded for further damages calculations. *Barton v. JMS Assoc. Mktg., LLC*, 21-35836, 2023 WL 2009925 (9th Cir. Feb. 15, 2023), opinion filed in the record at Dkt. 28. The Ninth Circuit

ORDER AMENDING JUDGMENT - 2

held that the Plaintiff was entitled to an additional award of damages under the TCPA for the two calls that he did not answer. *Id.* at 5. It remanded this case for calculation of damages for those two unanswered calls under the TCPA. *Id.* It further remanded the case to consider whether damages are available for Plaintiff's WDNC claim under RCW 80.36.390(6). *Id.*

After the Court ordered any parties to provide a joint status report, the Plaintiff (the only party in the case) filed the instant Status Report. Dkt. 31. In regard to his TCPA claims, the Plaintiff asserts that the Court should award an additional $1,500 for each of the two unanswered calls, for a total of $3,000. *Id.* As it relates to his claims under the WDNC, the Plaintiff argues in his Status Report that he alleges in the Complaint that the statute was violated twice. *Id.* (*citing* Dkt. 1 at 10:20-21). In his Status Report, the Plaintiff acknowledges that under the version of the WDNC that was in effect at the time, a person aggrieved by violation of WDNC was entitled to recover damages of $100 per violation. Dkt. 31. He asserts that in April of 2023 the Washington Legislature amended the WDNC and increased the amount available per violation to $1,000. *Id.* Accordingly, the Plaintiff asks that the Court award him $1,000 per violation, for a total of $2,000, for his WDNC claims. *Id.* In sum, the Plaintiff asks that the Court amend the judgment and add $5,000 to the $12,000 he has already received. *Id.*

## **DISCUSSION**

**A. TCPA CLAIM**

As directed by the Ninth Circuit Court of Appeals, the Plaintiff is entitled to an award of an additional $1,500 for each of the two unanswered calls, for an additional award of $3,000.

**B. WDNC CLAIM**

"The WDNC regulates the conduct of telephone solicitors in the course of solicitation." *Barton* at 2 (*citing* RCW 80.36.390(1)–(3)). The WDNC defines a "telephone solicitor" as " a

commercial or nonprofit company engaged in telephone solicitation." RCW 80.36.390(4). The Complaint alleges that J.M.S. called him in an effort to sell him goods or services. J.M.S. is a "telephone solicitor" for purposes of the WDNC.

The WDNC further provides that:

> If, at any time during the telephone contact, the called party states or indicates that he or she does not want to be called again by the telephone solicitor or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the telephone solicitor:
>
> (a) The telephone solicitor shall inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year;
>
> (b) The telephone solicitor shall end the call within 10 seconds;
>
> (c) The telephone solicitor shall not make any additional telephone solicitation of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year.

RCW § 80.36.390(7).

The Plaintiff's Complaint alleges that "[o]n May 28, 2021, Plaintiff asked Defendants to not be called again, and Defendants called Plaintiff two (2) more times after this request." Dkt. 1 at 10:20-21. The Complaint maintains that on that May 28, 2021 call, the Plaintiff also asked to be put on the caller's do not call list. *Id.* at 6. The Plaintiff asserted sufficient facts to demonstrate that he is entitled to a default judgment under the WDNC against J.M.S. for the two calls after the Plaintiff asked it not to call back and to place him on the do not call list.

The Plaintiff's Status Report does not refer to or seek relief for the Plaintiff's claim (Dkt. 1 at 10:8-13) under RCW 80.36.390(3) (formerly RCW 80.36.390(2)) relating to the WDNC's requirement that telephone solicitors identify the "company or organization on whose behalf the solicitation is being made and the purpose of the call." The Court makes no findings regarding

ORDER AMENDING JUDGMENT - 4

this claim, which is not mentioned in Plaintiff's Status Report (Dkt. 31).  (The Status Report identified Plaintiff's additional claims under the Circuit's opinion.)

Under the relief provision of the WDNC which was in effect at the time of these events, a person aggrieved under the WDNC "may bring a civil action to recover at least $100 per violation." *Barton* at 2 (*citing* RCW 80.36.390(6)).  On April 20, 2023, the Washington Legislature amended the WDNC and now an aggrieved person may seek $1,000 per violation. RCW 80.36.390(13) as amended Wash. Legis. Serv. Ch. 103 (West).  The amendment was effective on July 23, 2023.  *Id.*; Wash. Legis. Final Bill Report, 2023 Reg. Sess. H.B. 1051, https://app.leg.wa.gov/billsummary?billnumber=1051&year=2023 (last visited August 15, 2023).

Under Washington law, statutes are presumed to operate prospectively.  *Kellogg v. Nat'l R.R. Passenger Corp.*, 199 Wn.2d 205, 220 (2022).  Retroactive application of a statute is disfavored, but courts may apply an amendment retroactively if "(1) the legislature intended to apply the amendment retroactively, (2) the amendment is curative and clarifies or technically corrects ambiguous statutory language, or (3) the amendment is remedial in nature." *In re Det. of Elmore*, 162 Wn.2d 27, 35–36 (2007).

The WDNC amendment (increasing the possible damage award from $100 to $1000 per violation) does not fall into any of the three exceptions for retroactive application.  As to the first exception, the Washington Legislature expressly provided that the amendments to the WDNC (and amendments to other telecommunications laws passed at the time) were to apply prospectively not retroactively.  They became effective on July 23, 2023 - over two years after the events here.  Wash. Legis., 2023 Reg. Sess., Final Bill Report, at 5, https://lawfilesext.leg.wa.gov/biennium/2023-24/Pdf/Bill%20Reports/House/1051-

S.E%20HBR%20FBR%2023.pdf?q=20230815100348 (last visited August 15, 2023). Accordingly, there is no evidence that the "legislature intended to apply the amendment retroactively." *Elmore* at 35-36. The amendment does not meet the second exception. The amendment is not curative; it does not clarify or correct ambiguous statutory language. *Id*. The third exception, for a "remedial" amendment, also does not apply. Even if the amendment could be considered "remedial," Washington courts will not apply a remedial statute retroactively if "a clear legislative intent for prospective application exists." *Bayless v. Cmty. Coll. Dist. No. XIX*, 84 Wn. App. 309, 314 (1996). As it plainly stated, the legislature clearly intended for the amendment to be effective prospectively. The amendment to WDNC that increases the possible damages award from $100 to $1,000 per violation does not apply retroactively and is not available to the Plaintiff's claims for events that occurred in 2021.

The Plaintiff is entitled to damages of $100 per WDNC violation. In his Status Report, he claims two violations. The Plaintiff is entitled to an award of an additional $200 for the two WDNC violations.

## ORDER

Therefore, it is hereby **ORDERED** that:

- The judgment in favor of the Plaintiff and against Defendant J.M.S. Associate Marketing, LLC **IS AMENDED to a total of $15,200.00 as follows**:
    - The Plaintiff is awarded $12,000.00 as provided in the September 9, 2021 Order on Motion for Default Judgment (Dkt. 17);
    - The Plaintiff is awarded an additional $3,000.00 for the TCPA violations; and
    - The Plaintiff is awarded an additional $200.00 for the WDNC violations.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of August, 2023.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER AMENDING JUDGMENT - 7